1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANNABELLE HERNANDEZ,                    No. 2:15-cv-1322 DB

12              Plaintiff,

13        v.                                 ORDER

14   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security,
15

16              Defendant.

17

18        This matter is before the court on plaintiff's fully briefed motion for attorney's fees

19   pursuant to the Equal Access to Justice Act ("EAJA").[1]

20        Plaintiff brought this action seeking judicial review of a final administrative decision

21   denying her applications for Disability Insurance Benefits ("DIB") under Title II of the Social

22   Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the

23   Act.  On January 9, 2017, following the filing of a motion for summary judgment by plaintiff and

24   a cross-motion for summary judgment by defendant, the court granted plaintiff's motion in part,

25   reversed the decision of the Commissioner and remanded this action for further proceedings.

26   (ECF No. 30.)

27   _____

28   [1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant
     to 28 U.S.C. § 636(c).  (See ECF Nos. 7 & 10.)

1

On April 2, 2017, plaintiff filed this motion for attorney's fees, seeking an award of $3,750. (ECF No. 31.) On April 17, 2017, defendant filed an opposition to plaintiff's motion. (ECF No. 32.) Plaintiff filed a reply on May 8, 2017. (ECF No. 33.)

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

"Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" Tobeler v. Colvin, 749 F.3d 830, 832 (9th Cir. 2014) (quoting Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Meier, 727 F.3d at 870 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "'[T]he position of the United States includes both the government's litigation position and the underlying agency action.'" Campbell v. Astrue, 736 F.3d 867, 868 (9th Cir. 2013) (quoting Meier, 727 F.3d at 870); see also Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008) ("the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified").

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

////

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff."). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez, 274 F.3d at 1257.

**ANALYSIS**

Here, the court finds that plaintiff is the prevailing party, that plaintiff did not unduly delay this litigation, and that plaintiff's net worth did not exceed two million dollars when this action was filed. (ECF No. 4.) Defendant argues, however, that the government's position was substantially justified. (ECF No. 32 at 3-9.) In this regard, defendant argues that "the ALJ's findings had a reasonable basis in law and fact." (Id. at 4.) The court finds defendant's argument unpersuasive.

As articulated in the January 9, 2017 order, the ALJ rejected the opinion of an examining physician for legally impermissible reasons. See generally Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion"); Ryan v. Commissioner of Social Sec., 528 F.3d 1194, 1199-200 (9th Cir. 2008) ("[A]n ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."); Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."); Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1995) ("The Secretary may not assume that doctors routinely lie in order to help their patients collect

disability benefits."); <u>Embrey v. Bowen</u>, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim.").

Accordingly, the court finds that the position of the government was not substantially justified. The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[2] <u>See</u> 28 U.S.C. § 2412(d)(2)(A); <u>Sorenson v. Mink</u>, 239 F.3d 1140, 1147-49 (9th Cir. 2001); <u>Atkins v. Apfel</u>, 154 F.3d 986, 987 (9th Cir. 1998). Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'" <u>Atkins</u>, 154 F.3d at 988 (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983) (internal citations omitted)). The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'" <u>Id.</u> at 989 (quoting <u>Hensley</u>, 461 U.S. at 437).

Here, after drafting a thorough motion for summary judgment, and opposition to defendant's motion for summary judgment, plaintiff successfully obtained a new hearing. Plaintiff's counsel expended 22.75 hours of attorney time. (ECF No. 31 at 4.) The court finds the amount of attorney hours expended to be reasonable, especially when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court.[3] <u>See</u> <u>Stamper v. Colvin</u>, No. 2:12-cv-0192 AC, 2013 WL 6839691, at *2 (E.D. Cal. Dec. 23, 2013) (finding 51 hours to be a reasonable amount of time); <u>Boulanger v. Astrue</u>, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable

---

[2] In accordance with the decision in <u>Thangaraja v. Gonzales</u>, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. <u>See</u> http://www.ca9.uscourts.gov. Here, plaintiff's requested rates are equal to the statutory maximum rates established by the Ninth Circuit.

[3] Moreover, although plaintiff's counsel expended 22.75 hours of time on this action—which would equate to a total award $4,380.47—plaintiff is only seeking compensation in the amount of $3,750.

4

amount of time); <u>Watkins v. Astrue</u>, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); <u>Vallejo v. Astrue</u>, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); <u>see</u> <u>also</u> <u>Costa v. Commissioner of Social Sec. Admin.</u>, 690 F.3d 1132, 1137 (9th Cir. 2012) ("District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases."). <u>See generally</u> <u>Moreno v. City of Sacramento</u>, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

Accordingly, after carefully reviewing the record and the pending motion, the court declines to conduct a line-by-line analysis of counsel's billing entries. <u>See, e.g.</u>, <u>Stewart v. Sullivan</u>, 810 F. Supp. 1102, 1107 (D. Haw. 1993); <u>Knowles v. Colvin</u>, Case No. 1:14-cv-1657-SKO, 2016 WL 3407594, at *3 (E.D. Cal. June 20, 2016); <u>Duran v. Colvin</u>, No. 2:11-cv-2978 DAD, 2013 WL 5673415, at *2 (E.D. Cal. Oct. 17, 2013); <u>Vallejo v. Astrue</u>, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); <u>Destefano v. Astrue</u>, No. 05-CV-3534, 2008 WL 623197, *4 (E.D. N.Y. Mar. 4, 2008).

Finally, found in a single sentence of plaintiff's motion is a request that the attorney fees award "be paid to plaintiff's attorney." (ECF No. 31 at 1.) Defendant argues that any fee award must be paid directly to the plaintiff. (ECF No. 32 at 10.) Plaintiff's reply brief disputes this assertion. (ECF No. 33 at 6.)

An attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. <u>Astrue v. Ratliff</u>, 560 U.S. 586, 592-93 (2010). Subsequent to the decision in <u>Ratliff</u>, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. <u>See</u> <u>Blackwell v. Astrue</u>, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); <u>Dorrell v. Astrue</u>, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); <u>Calderon v. Astrue</u>, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22,

2010); Castaneda v. Astrue, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by making the fees and expenses payable directly to counsel.

Nonetheless, here, plaintiff has failed to produce any evidence of an assignment of plaintiff's attorney fees to plaintiff's counsel. The court, therefore, will not incorporate such a provision into this order.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 31) is granted; and

2. Plaintiff is awarded $3,750 in attorney's fees.

Dated: July 7, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\hernandez1322.eaja.ord